# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| TX DIRECT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-02685 |
| | ) |
| FIRST DATA MERCHANT SERVICES LLC | ) |
| and WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO FILE UNDER SEAL

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Local Rule 8.1, and Appendix A of the Local Rules, Plaintiff TX Direct, LLC ("TX Direct") respectfully requests that the exhibits (Exhibits 1 through 8) to its First Amended Complaint be placed under seal.

Exhibit 1 is the Merchant Program Processing Agreement dated February 28, 2007, between First Data Merchant Services LLC, Wells Fargo Bank, N.A., and TX Direct, LLC (the "Merchant Processing Agreement").  As Defendants First Data Merchant Services LLC f/k/a First Data Merchant Services Corporation and Wells Fargo Bank, N.A. previously advised the Court, the Merchant Processing Agreement contains a confidentiality provision limiting public disclosure of its terms. (D.E. 10 at 2 n. 3.)  To be sure, the copy of the Merchant Processing Agreement filed by Defendants (D.E. 10-1) was entirely redacted, except for its title, introductory paragraph identifying the parties thereto, the signature page, and exhibit headings "due to the [Merchant Processing] Agreement's confidentiality provision." (D.E. 10 at 2 n. 3.)  Exhibits 2 through 8 are amendments and renewals of the Merchant Processing Agreement and, therefore, are subject to the same confidentiality provision.

"Courts have recognized a 'strong presumption in favor of public access to court proceedings and records.'" *Spine Sols., Inc. v. Medtronic Sofamor Danek, Inc.,* No. 07-2175-JPM-dkv, 2009 U.S. Dist. LEXIS 120215, at *4 (W.D. Tenn. Dec. 23, 2009) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1177-79 (6th Cir. 1983)). "It is uncontested, however, that the [public] right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* (quoting *Nixon v. Warner Commc'n, Inc.,* 435 U.S. 589, 589, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)).

As with all merchant processing agreements, the Merchant Processing Agreement itself, as well as its amendments and renewals, contains pricing information. TX Direct submits that Defendants may consider that disclosure of such pricing information to the public and its competitors may harm their business interests such that they should be protected from disclosure. Indeed, Defendants' redaction of all substantive portions of the Merchant Processing Agreement that they previously filed makes such position clear. (*See* D.E. 10-1.)

Accordingly, TX Direct respectfully requests that the exhibits (Exhibits 1 through 8) to its First Amended Complaint be placed under seal.

> Respectfully submitted,
>
> s/Derek W. Edwards
> Derek W. Edwards (TN BPR No. 021455)
>
> WALLER LANSDEN DORTCH & DAVIS, LLP
> 511 Union Street, Suite 2700
> Nashville, Tennessee  37219
> Telephone:   (615) 244-6380
> Email:           derek.edwards@wallerlaw.com
>
> *Attorneys for Plaintiff TX Direct, LLC*

Case 2:22-cv-02685-TLP-tmp   Document 23   Filed 11/28/22   Page 3 of 3    PageID 170

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 28th day of November, 2022, a copy of the foregoing and any attachments were sent to the following counsel of record through this Court's electronic filing system:

John W. Peterson
Michael Malone
401 Commerce Street, Suite 900
Nashville, TN 37219
Phone: (615) 259-1510
john.peterson@polsinelli.com
mmalone@polsinelli.com

*Attorneys for Defendants*
*First Data Merchant Services LLC*
*and Wells Fargo Bank, N.A.*

        s/Derek W. Edwards
        Derek W. Edwards (TN BPR No. 021455)