**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

| | | |
|---|---|---|
| TX DIRECT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-02685 |
| | ) | |
| FIRST DATA MERCHANT SERVICES LLC | ) | |
| and WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF TX DIRECT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES, STRIKE DEFENDANTS' BOILERPLATE OBJECTIONS, AND FOR ATTORNEYS' FEES

Defendant First Data Merchant Services LLC's ("FDMS") and Wells Fargo Bank, N.A.'s ("Wells Fargo" and together with FDMS, "Defendants") responses to Plaintiff TX Direct, LLC's ("TX Direct") First Set of Requests for Production of Documents and First Set of Interrogatories, attached as **Exhibit 1** (FDMS) and **Exhibit 2** (Wells Fargo)**,** are incomplete, evasive, and consist solely of improper boilerplate objections.  Both Defendants have indicated that each "generally objects to issuing answers, responses, and objections" to the discovery requests and "will supplement its answers and responses as appropriate" at an unspecified future date if or when they believe that settlement negotiations between the parties have reached an "impasse."  *See* Defs.' Discovery Responses at Ex. 1, p. 1; Ex. 2, p. 1.  That is not a legitimate objection.  Now, more than six months after the parties' unsuccessful mediation, Defendants have still not provided any meaningful response to TX Direct's discovery requests, providing instead pages and pages of improper boilerplate objections.  Despite TX Direct's objections to Defendants' position about supplementing discovery only once it believed settlement negotiations were at an "impasse," Defendants have refused requests to provide a date certain by which they would agree to supplement their responses and have not made any supplementation.

The discovery sought by TX Direct is relevant and necessary for the fair adjudication of this matter and is discoverable under Rule 26 of the Federal Rules of Civil Procedure. Discovery is meant to ensure the parties have mutual knowledge of all relevant facts and narrow and clarify the issues between the parties prior to trial, reduce the risk of surprise, afford the parties a better sense of their chances of success, and their options for settlement. *Emmons v. Miller Elec. Mfg. Co.*, No. 2:08-cv-02400-STA-cgc, 2009 U.S. Dist. LEXIS 80327, at *6-7 (W.D. Tenn. Aug. 28, 2009) (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.").

Here, TX Direct has not been able to obtain relevant and necessary information about the facts of this dispute and issues between the parties. Accordingly, TX Direct requests the Court order Defendants to (1) fully respond to TX Direct's First Set of Interrogatories and (2) produce all nonprivileged documents that are responsive to TX Direct's First Set of Requests for Production of Documents. In addition, TX Direct requests the Court strike Defendants' boilerplate objections and award TX Direct the reasonable expenses, including attorneys' fees, it has incurred in bringing this Motion as well as any other relief the Court deems appropriate.

## I.    FACTUAL BACKGROUND

1.    TX Direct served interrogatories and document requests on Defendants on April 6, 2023, the same date the parties participated in mediation, which was not successful in resolving this case.

2.    On April 7, 2023, Defendants' counsel asked for a 30-day extension of time to respond to TX Direct's discovery requests and later acknowledged it was not seeking to stay discovery.

3.    On April 10, 2023, TX Direct agreed to a 30-day extension of time to respond.

4.     On May 30, 2023, Defendants' counsel asked for another extension, this time indefinite, to respond to TX Direct's discovery requests.  TX Direct rejected that request but provided another month for Defendants to respond.

5.     On August 4, 2023, Defendants served their responses.  The responses for each party contained: (1) a preamble statement indicating that Defendant would supplement its responses at some unspecified time if and when it believed settlement negotiations had reached an impasse, (2) boilerplate general objections, and (3) additional boilerplate objections in response to each interrogatory or document request.  ***No substantive responsive information or documents were provided by either Defendant in response to any interrogatory or document request***.  No privilege log was provided to support any of Defendants' assertions of attorney-client privilege or work production protections.

6.     On August 8, 2023, TX Direct wrote to counsel for Defendants reminding them that discovery had not been stayed, the Scheduling Order has approaching discovery deadlines, and the status of settlement discussions—more than four months after an unsuccessful mediation— did not excuse or otherwise impact Defendants' obligation to provide meaningful discovery responses.  (*See* August 8, 2003 Letter, attached as **Exhibit 3**).[1]  In the letter, TX Direct also indicated that Defendants' objections repeated throughout their responses that TX Direct had requested information "before any meaningful discovery has occurred in this case" were nonsensical.  Discovery in the case opened on March 1, 2023, and TX Direct had served its requests more than four months earlier.  In addition, TX Direct indicated that it could not determine whether

---

[1] Defendants requested in the parties' Joint Rule 26(f) Report that discovery be stayed pending resolution of their Motion to Dismiss.  *See* Joint Rule 26(f) Report (D.E. 44 at PageID # 416).  After the Scheduling Conference, this Court entered a Scheduling Order that did not stay discovery.  *See* Scheduling Order (D.E. 48).

Defendants were withholding responsive information on the basis of any of their objections.  In addition, Defendants did not provide any privilege log to enable TX Direct to evaluate any claims of privilege.  TX Direct asked for a date by which Defendants would provide substantive supplementations.  To date, they have not provided a date.

7.      On September 29, 2023, TX Direct again wrote to counsel for Defendants asking that they participate in a telephone discussion pursuant to Local Rule 7.2 to see if the parties could reach an agreement on a date certain for Defendants' supplementation.  (*See* Sept. 29, 2023 Letter, attached as **Exhibit 4**).

8.      On October 3, 2023, counsel for Defendants asked for additional time to respond to the September 29 letter, up to and including October 16, 2023.

9.      On October 4, 2023, TX Direct agreed to the requested additional time.

10.     On October 11, 2023, counsel for Defendants emailed one of TX Direct's attorney to indicate that any settlement offers made by Defendants were withdrawn.

11.     On October 16, 2023, counsel for Defendants indicated that Defendants would review their discovery responses but did not commit to any date certain for supplementation or otherwise respond to the undersigned's request for a telephone conference to determine if the parties could reach agreement on a date certain for Defendants' supplementation.  Instead, after the Court denied Defendants' motion to dismiss, they withdrew from settlement discussions, delivered a purported notice of termination of the "Merchant Program Processing Agreement" among TX Direct, FDMS, and Wells Fargo (the "(WISO) Processing Agreement") they had ratified, and answered the First Amended Complaint with Counterclaims accusing TX Direct of fraud (barred by the (WISO) Processing Agreement's limitation of liability) while threatening to steal TX Direct's Net Program Processing Revenue and commit an anticipatory breach of their

obligations under the (WISO) Processing Agreement.

## II.   ARGUMENT

TX Direct is entitled to discovery "any matter, not privileged, that is relevant to the claim or defense of any party."  Pursuant to Fed. R. Civ. P. 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3). Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  *Martin v. Harvey*, 14 Fed. Appx. 307, 310 (6th Cir. 2001).

### A.   There Is No Legal Basis for Defendants' Position that It Need Not Respond to Discovery When It Believes Settlement Discussions Are Not at an "Impasse."

Defendants each state the respective preambles to their discovery responses:

> While the mediation was unsuccessful, the parties have spent the past few months engaging in substantive, time consuming settlement negotiations and discussions. Those negotiations have not yet reached an impasse.  If and when those negotiations reach an impasse, Defendant will supplement its answers and responses as appropriate.

*See* Defs.' Discovery Responses, Ex. 1, p. 1; Ex. 2, p. 1.  There is not any legal basis to Defendants' position that it need not respond to discovery for this reason, that is, because it asserts that settlement discussions are ongoing.  Rather, it has been recognized that "participation in discovery can often be an aid to settlement by affording the Parties the opportunity to obtain information upon which to determine an appropriate settlement.  *CHS/Community Health Sys. v. Med. Univ. Hosp. Auth.*, No. 3:20-cv-00163, 2021 U.S. Dist. LEXIS 238935, at *10 (M.D. Tenn. Jan. 4, 2021) (denying motion to stay discovery).

Here, the Court has already rejected Defendants' request that discovery be stayed pending a ruling on their Motion to Dismiss.  *See* Scheduling Order (D.E. 48).  Defendants have not filed

any motion seeking a stay or protective order to prevent them from needing to respond to discovery nor have they cited to any authority supporting their position. Put simply, Defendants efforts to avoid their obligations are baseless and improper, and the Court should order Defendants to supplement their responses.

**B.      The Court Should Strike Defendants' Boilerplate Objections.**

Following the preamble statement, each of Defendants' responses next contain a list of nineteen (19) general objections to TX Direct's interrogatories (the list is substantially identical for each Defendant) and additional objections in response to individual interrogatories. Defendants have provided another list of seventeen (17) general objections to TX Direct's document requests (the list is substantially identical for each Defendant) and additional objections to each document request. Defendants have not provided any substantive responses, have not agreed to produce any documents, and have not produced any documents.

The Federal Rules of Civil Procedure require specificity with respect to objections to interrogatories and requests for production of documents. Fed. R. Civ. P. 33(b)(4) & 34(b)(2). *See Jones v. Am. River Transp. Co.*, No. 19-cv-2558-SHM-tmp, 2020 U.S. Dist. LEXIS 246007, at *5 (W.D. Tenn. June 17, 2020) (granting motion to compel and directing that responses be produced within ten days of entry of Court order). Use of boilerplate objections is not permitted. *Id.* As recently explained:

> By definition, "boilerplate" is "[r]eady-made or all-purpose language that will fit in a variety of documents." Boilerplate, Black's Law Dictionary (10th ed. 2014). Federal courts within the Sixth Circuit consistently address this issue. *See, e.g., Wesley Corp. v. Zoom T.V. Prods.*, LLC, No. 17-10021, 2018 U.S. Dist. LEXIS 5068 at *4 (E.D. Mich. Jan. 11, 2018) ("Defendants' 'objections' to these discovery requests are the typical boilerplate objections known and detested by courts and commentators—and receiving parties—around the nation . . . . Thus, '[a]n objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.'").

6

*Lawrence v. Paducah Ctr. for Health & Rehab. LLC*, No. 5:21-cv-00092-BJB-LLK, 2023 U.S. Dist. LEXIS 121365, at \*6-7 (W.D. Ky. July 14, 2023).

"[B]oilerplate objections are legally meaningless and amount to a waiver of an objection." *Sobol v. Imprimis Pharms.*, No. 16-14339, 2017 U.S. Dist. LEXIS 184478 at \*1 (E.D. Mich. Oct. 26, 2017) (citing *Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 U.S. Dist. LEXIS 48375 at \*2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court.")). "Boilerplate objections and responses also violate Rule 34(b)(2(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection." *Jones*, 2020 U.S. Dist. LEXIS 246007 at \*4 (internal citations omitted).

1.  <u>General Objections to Interrogatory Nos. 1-2, 7-13, 18, and 19 Are Meaningless, Boilerplate Objections.</u>

Each of these general objections is an improper boilerplate objection. Each is stated as an objection "to the Interrogatories ***to the extent that***" a condition is met without indicating whether the condition applies, how it applies, how they would be harmed based on the objection, or whether they are withholding responsive information pursuant to the objection.

For example, each Defendant asserts, in part, in General Objection No. 1 that it "objects to these Interrogatories ***to the extent*** they call for the production of electronically stored information that is not reasonably accessible without the imposition of undue burden and expense." Yet Defendants have not indicated whether they assert the Interrogatories request any responsive ESI is not reasonably accessible, how they would be harmed if required to produce the not-reasonably-accessible ESI, or whether they are withholding responsive ESI on the basis of this general objection.

#231736166_v6

As another example, Defendants' General Objection No. 2 asserts an objection to the interrogatories "***to the extent*** the instructions and demands therein purport to impose requirements in addition to, beyond, or different from those set forth in Rule 33 of the Federal Rules of Civil Procedure." Yet Defendants have not indicated whether they assert the instructions imposes requirements beyond Rule 33, how they instructions impose requirements beyond Rule 33, or whether they are withholding responsive information on the basis of this objection.

This pattern is the same for each of Defendants' General Objection Nos. 1-2, 7-13, 18, and 19 to TX Direct's interrogatories. These objections are meaningless and should be stricken.

2.   <u>FDMS's Objections to Interrogatories Nos. 1-10 and Wells Fargo's Objections to Interrogatories Nos. 1-9 on the Basis of Attorney-Client Privilege Are Meaningless, Boilerplate Objections.</u>

FDMS objected to Interrogatory Nos. 1-10 and Wells Fargo objected to Interrogatory Nos. 1-9, in part, as seeking information protected from disclosure by the attorney client-privilege and work-product doctrine. Yet, neither has provided a privilege log or other information for TX Direct to assess the applicability of the privilege as required under Rule 26(b) of the Federal Rules of Civil Procedure. Accordingly, each objection is meaningless, improper, and should be stricken or Defendants should be compelled to provide a privilege log.

3.   <u>FDMS's Objections to Interrogatories Nos. 3 and 5-9 and Wells Fargo's Objections to Interrogatories Nos. 3 and 7-8  As Calling for Legal Conclusions Are Meaningless, Boilerplate Objections.</u>

FDMS objected to Interrogatory Nos. 3 and 5-9 and Wells Fargo objected to Interrogatory Nos. 3 and 7-8, in part, as calling for legal conclusions. Interrogatories Nos. 3-5, 7, and 9 to FDMS and Interrogatories Nos. 3, 7, and 8 to Wells Fargo seek the facts supporting Defendants' contentions, which is expressly permitted by Rule 33. *Thompson Rsch. Grp., LLC v. Winnebago Indus., Inc.*, No. 3:17-1595, 2018 U.S. Dist. LEXIS 249094, at *6 (M.D. Tenn. Oct. 30, 2018) (compelling party to supplement response to contention interrogatory that it objected to as calling

for a legal conclusion).  Interrogatory Nos. 6 and 8 to Wells Fargo seek explanation and description

of events related to this lawsuit and are not objectionable.  In particular, Interrogatories Nos. 3 and

5-9 to FDMS state:

> 3.  If you contend that TX Direct breached any contractual obligation with you, identify the contract, the provision(s) that you contend TX Direct breached, and describe the factual circumstances of the alleged breach.

> 5.  If you contend that Notice of Non-Renewal provided by FDMS to TX Direct on or about January 28, 2022, was effective, identify the factual bases for that such contention.

> 6.  Describe in detail why FDMS decided to provide the Notice of Non-Renewal to TX Direct on or about January 28, 2022.

> 7.  If you contend that FDMS was authorized to represent Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and act on Wells Fargo's behalf in any way in connection with the Notice of Non-Renewal, identify the factual bases for that such contention.

> 8.  Describe the outcome of the "Annual Desktop Review of [TX Direct's] underwriting, risk and compliance controls" (the "Audit") pursuant to the (WISO) Processing Agreement concluding on or around May 17, 2022.

> 9.  If you contend that the (WISO) Processing Agreement was no longer in effect at any time after April 30, 2022, identify any documents that govern or memorialize the relationship and obligations between the parties and obligations post-April 30, 2022.

Interrogatories Nos. 3 and 7-8 to Wells Fargo state:

> 3.  If you contend that TX Direct breached any contractual obligation with you, identify the contract, the provision(s) that you contend TX Direct breached, and describe the factual circumstances of the alleged breach.

> 7.  If you contend that Notice of Non-Renewal provided by Defendant First Data Merchant Services LLC ("FDMS") to TX Direct on or about January 28, 2022, was effective, identify the factual bases for that such contention.

> 8.  If you contend that FDMS was authorized to represent you and act on your behalf in any way in connection with the Notice of Non-Renewal that FDMS provided to TX Direct on or about January 28, 2022, identify the factual bases for that such contention.

Each of these interrogatories is proper and Defendants' boilerplate objections should be stricken.

#231736166_v6

4.      <u>FDMS's Objections to Interrogatories Nos. 3, 5, 7, and 9 and Wells Fargo's Objections to Interrogatories Nos. 3-8 As Seeking Information "Before Any Meaningful Discovery Has Occurred" Are Meaningless, Boilerplate Objections.</u>

FDMS objected to Interrogatory Nos. 3, 5, 7, and 9, and Wells Fargo objected to Interrogatory Nos. 3-8, in part, because each seeks information "before any meaningful discovery has occurred in this case." If Defendant has responsive information, it must respond with it. If it later discovers additional information, it must supplement its answers. If it does not have any information, it can respond saying so. These objections, seeming to state that Defendants are excused from responding to discovery because they have chosen not to take discovery, are without any legal basis and should be stricken.

5.      <u>Each of the Objections to TX Direct's Document Requests Are Incomplete, Meaningless, Boilerplate Objections That Do Not Indicate Whether Documents Are Being Withheld Pursuant to the Objections.</u>

As an initial matter, each of Defendants' objections to TX Direct's Document Requests are deficient because they lack a statement of whether documents are being withheld as a result of the objection as required by Rule 34(b)(2)(c). Defendants have not indicated whether they are withholding responsive materials on the basis of any of their objections for any of TX Direct's Document Requests. TX Direct informed Defendants of this deficiency at least as early as August 8, 2023, but Defendants have failed to supplement their responses. *See* Aug. 8, 2023 Letter, Ex. 3.

6.      <u>Objections to Document Requests Nos. 1-3, 6-12, and 17 Are Meaningless, Boilerplate Objections.</u>

Similar to Defendants' General Objections to Interrogatories, each of these general objections to TX Direct's Document Requests is an improper boilerplate objection. Each is stated as an objection "***to the extent that***…." a condition is met without indicating whether the condition applies, how it applies, how they would be harmed based on the objection, or whether they are

#231736166_v6

withholding responsive documents pursuant to the objection.  This pattern is the same for each of Defendants' General Objections Nos. 1-3, 6-12, and 17 to TX Direct's Document Requests.  These objections are meaningless and should be stricken.

      7.     <u>FDMS's Objections to Document Requests Nos. 1-2 and 5-16 and Wells Fargo's Objections to Document Requests Nos. 1-2 and 5-16 on the Basis of Attorney-Client Privilege Are Meaningless, Boilerplate Objections.</u>

FDMS objected to Document Requests Nos. 1-2 and 5-16 and Wells Fargo objected to Document Requests Nos. 1-2 and 5-16, in part, as seeking information protected from disclosure by the attorney client-privilege and work-product doctrine.  Yet, neither has provided a privilege log or other information for TX Direct to assess the applicability of the privilege as required under Rule 26(b) of the Federal Rules of Civil Procedure.  Accordingly, each objection is meaningless, improper, and should be stricken or Defendants should be compelled to provide a privilege log.

**C.    The Court Should Award TX Direct Its Reasonable Expenses, Including Attorneys' Fees, Incurred in Bringing This Motion.**

If the Court grants this Motion, Rule 37 provides for payment of reasonable expenses, including attorneys' fees, incurred in the bringing of this Motion.  TX Direct repeatedly endeavored to avoid or resolve this discovery dispute in good faith without involvement by the Court.  *Uszak v. Yellow Transp., Inc.*, 343 F. App'x 102, 107 (6th Cir. 2009) (affirming trial court's award of fees after granting motion to compel and explaining "[i]f a motion to compel discovery is granted, the court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion or the attorney advising such conduct to pay the movant reasonable expenses incurred in the motion, including attorney fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery, the opposing party's objection was justified, or other circumstances would make the award unjust.").

First, TX Direct provided two extensions of time for Defendants to respond to the requests. Next, TX Direct wrote = to Defendants twice regarding the deficiencies and, in the second instance, asking for a phone conference pursuant to Rule 7.2 to see if the parties could reach agreement on a date certain for Defendants' supplementation.  Finally, TX Direct permitted Defendants an additional week to respond to TX Direct's last deficiency letter.  To date, Defendants have not provided any supplementation or committed to any date certain for supplementation.  Defendants' objections are not justified, and no other circumstances make an award of expenses unjust.

## III.   CONCLUSION

TX Direct served its First Set of Requests for Production of Documents and First Set of Interrogatories more than four months ago.  To date, it has not received any documents or substantive responses to Interrogatories.  Defendants have taken the baseless position that they need not respond to discovery if they think settlement discussions are ongoing.  Even still, despite acknowledging a need to supplement their requests and indicating that any settlement offer Defendants made was withdrawn, Defendants have refused to commit to a date by which they will supplement their responses.  Instead, TX Direct has been left with improper, meaningless boilerplate objections and no substantive information.  Accordingly, Defendants should be compelled to fully respond to TX Direct's First Set of Interrogatories and produce documents responsive to each of TX Direct's Requests for Production.  In addition, the Court should strike Defendants' boilerplate objections and award TX Direct its costs, including attorneys' fees, for having to bring this motion.

Respectfully submitted,

s/ Laura P. Merritt
Derek W. Edwards (TN BPR No. 021455)
Laura P. Merritt (TN BPR No. 026482)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
derek.edwards@hklaw.com
laura.merritt@hklaw.com

*Attorneys for Plaintiff TX Direct, LLC*

13